# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSCOE SAME LLC, BIG & LITTLE'S LAKEVIEW LLC and BIG & LITTLE'S EMPIRE LLC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> SOCIETY INSURANCE, <br><br> Defendant. | Case No.: 20-cv-2641 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs Roscoe Same LLC, Big & Little's Lakeview LLC and Big & Little's Empire LLC (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, upon personal knowledge as to the facts pertaining to themselves and on information and belief as to all other matters, bring this action against Society Insurance, and respectfully state the following:

## NATURE OF THE CASE

1. Big & Little's Lakeview LLC and Big & Little's Empire LLC operate restaurants in Chicago's Lakeview and River North neighborhoods, respectively, serving fast food with a gourmet twist. Roscoe Same LLC operates a restaurant called Same Same in Chicago's Roscoe Village neighborhood serving Thai food. In order to protect themselves, Plaintiffs obtained business interruption insurance from Society Insurance. The policies they obtained, an example of which is attached in relevant part as Exhibit A, explicitly cover business interruption losses when the government forces them to close.

2. Under orders recently issued by the State of Illinois in response to the COVID-19 pandemic, Plaintiffs were forced to stop normal operation of their restaurants, resulting in tens of thousands of dollars of harm, which is ongoing.

3. Plaintiffs contacted their independent insurance agent and were informed there would be no coverage. This is not surprising in light of the fact that that Society Insurance has denied all or most all similar claims. Society's CEO has even issued a memorandum to independent insurance agencies they work with advising that there would not be any coverage.

4. This class action seeks redress for Society Insurance's refusal to honor and pay claims for covered losses related to COVID-19 made pursuant to the businessowners insurance policy it sold to Plaintiffs and others.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(d)(2), because: (a) there are 100 or more Class members, (b) at least one Class member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6. The Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Society Insurance submitted to Illinois jurisdiction by selling insurance policies to Plaintiffs and others within the State of Illinois.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims emanated from activities within this District.

**PARTIES**

8. Plaintiff Roscoe Same LLC is an Illinois limited liability company that operates a restaurant named Same Same in Chicago's Roscoe Village neighborhood serving Thai food. The members of Roscoe Same LLC are Illinois citizens Kristopher Henry, Gary Strauss, and Anthony D'Alessandro. Roscoe Same LLC has policy number BP19047249-0 with Society Insurance with a policy period of December 11, 2019 through December 11, 2020.

9. Plaintiff Big & Little's Lakeview LLC is an Illinois limited liability company that operates a gourmet fast food restaurant in Chicago, Illinois. The members of Big & Little's Lakeview LLC are Illinois citizens Gary Strauss and Anthony D'Alessandro. Big & Little's Lakeview LLC has policy number BP19048710-0 with Society Insurance with a policy period of 2/19/2020 to 2/19/2021.

10. Plaintiff Big & Little's Empire LLC is an Illinois limited liability company that operates a gourmet fast food restaurant in Chicago, Illinois. The members of Big & Little's Empire LLC are Illinois citizens Gary Strauss and Anthony D'Alessandro. Big & Little's Empire LLC has policy number BP17029249-2 with Society Insurance with a policy period of 10/14/2019 to 10/14/2020.

11. Society Insurance is an insurance carrier that provides commercial insurance to business customers in Illinois, Indiana, Iowa, and Wisconsin. Defendant Society Insurance is an insurance company incorporated in the State of Wisconsin with its principal place of business in Fond du Lac, Wisconsin.

## FACTS

**The Policy**

12. Society Insurance sold Plaintiffs and members of the Class insurance policies (the "Policy") covering losses resulting from the necessary suspension of business operations at an insured location caused by a government order unless the cause of the loss is expressly excluded by the Policy. Plaintiffs and members of the Class paid substantial premiums in exchange for the coverages of the Policy. The Policy covers the loss of business income due to the necessary suspension.

13. Specifically, the Policy provides that Society Insurance "will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' Ex. A at 5. Suspension is defined to mean "the partial slowdown or complete cessation of your business activities." *Id.* at 6.

14. The Policy also provides "extra expense" coverage Plaintiffs incur during the period of interruption (including costs to avoid or minimize the suspension of business and to continue operation). *Id.*

15. The Policy does not exclude losses from pandemics.

16. The Policy also provides civil authority coverage, providing business income and extra expense coverage for losses caused by the action of a civil authority that prohibits access to the insured's business in response to "dangerous physical conditions." Specifically, when the damage is to property other than the described premises, the civil authority provision provides that Society Insurance "will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises." *Id*. at 7.

**The COVID-19 Crisis**

17.     COVID-19 is an infectious disease first identified in December 2019 with the potential to cause serious illness or death. COVID-19 has already resulted in over 1,000 deaths in the State of Illinois and over 50,000 in the United States. On March 11, 2020, the WHO declared COVID-19 to be a pandemic.

18.     In response to COVID-19 pandemic, Illinois Governor J.B. Pritzker issued an executive order on March 15, 2020, requiring that all businesses in Illinois that offer food or beverages for on-premises consumption (including Plaintiffs) suspend such service from the period of March 16, 2020 until March 30, 2020.

19.     Four days later on March 20, 2020, Governor Pritzker issued an order closing all inessential businesses and requiring Illinois residents to stay at home during the period of March 21, 2020 through April 7, 2020. This order allowed restaurants to continue to prepare and serve food, but only for consumption off-premises.

20.     On April 1, 2020, governor Pritzker extended the March 20 Order through April 30, 2020. On April 23, 2020, Governor Pritzker announced the stay-at-home order would be extended until May 30, 2020.

21.     Similar orders were entered in the other states in which Society Insurance does business. In Wisconsin, Governor Tony Evers issued a series of orders first restricting and later eliminating the dine-in capacity of Wisconsin restaurants during the period of March 17, 2020 through May 26, 2020. Indiana Governor Eric J. Holcomb issued a stay series of orders closing restaurants for dine-in patrons during the period of March 17, 2020 through May 1, 2020. Iowa Governor Kim Reynolds ordered similar restrictions in the State of Iowa during the period from March 17 through April 30, 2020.

**The Harm to Plaintiffs**

22. Big & Little's Lakeview LLC, Big & Little's Empire LLC and Roscoe Same LLC have each experienced sharp drops in business income as a result of the Illinois stay-at-home order which forced them to stop serving dine-in customers. Like many other restaurants, they have each lost tens of thousands of dollars of revenue. They have also been forced to pay additional expenses to delivery app companies in order to minimize their losses during the shutdown order.

23. Plaintiffs contacted the independent insurance agent who sold them the Policy (as Society Insurance instructs is a proper way to file a claim) and were informed there would be no coverage.

24. In fact, Society Insurance expressly instructed independent insurance agents of its position in a memorandum issued by Society Insurance CEO Rick Parks.[1] Society Insurance has also been summarily denying similar claims made by other Illinois businesses for interruption to their business.

## CLASS DEFINITION AND ALLEGATIONS

25. Plaintiffs bring all claims as class claims under Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3).

26. Plaintiffs bring all claims on behalf of a proposed class defined as follows (the "Class"):

> All persons and entities that had business income, civil authority, or extra expense coverage under an insurance policy issued by Society Insurance, suffered a suspension of business related to COVID-19, and were not compensated for their losses by Society Insurance.

---

[1] https://www.insurancejournal.com/news/midwest/2020/04/03/563177.htm (last visited April 27, 2020).

Excluded from the Class are: 1) Society Insurance and its officers, directors, employees, principals, affiliated entities, controlling entities, and agents; 2) any judge assigned to this case.

27. **Numerosity.** While the exact number of Class members is unknown, the exact number can be determined from Society Insurance's business records, and on information and belief, includes hundreds or thousands of businesses in Illinois, Wisconsin, Iowa, and Indiana. Plaintiff therefore believes that the Class is so numerous that joinder of all members is impractical.

28. **Typicality.** Plaintiffs' claims are typical of the claims of the Class. Plaintiffs, like all proposed members of the Class, were not compensated for the business interruption losses they sustained as a result of the COVID-19 crisis under their Society Insurance policies. Plaintiffs and Class members were injured by the same wrongful acts, practices, and omissions committed by Defendant, as described herein. Plaintiffs' claims therefore arise from the same practices or course of conduct that give rise to the claims of all Class members.

29. **Commonality and Predominance.** Common questions of law and fact exist as to all Class members and predominate over any individual questions. Such common questions include, but are not limited to:

    (a)    Whether the Class suffered a covered loss under the Policies;

    (b)    Whether the Policy's civil authority coverage applies to the losses incurred by Plaintiffs and the Class;

    (c)    Whether the Policy's extra expense coverage applies to the losses incurred by Plaintiffs and the Class;

    (d)    Whether Society Insurance wrongfully denied business interruption claims resulting from COVID-19;

(c) Whether Plaintiffs and the Class are entitled to statutory damages, actual damages, and other equitable relief.

30. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are adequate representatives of the Class in that they have no interests adverse to or that conflict with the Class they seek to represent. Plaintiffs have retained counsel with substantial experience and success in the prosecution of complex class actions of this nature.

31. **Superiority.** A class action is superior to any other available method for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impractical. Furthermore, the expenses and burden of individual litigation would make it difficult or impossible for the individual members of the Class to redress the wrongs done to them, especially given that the damages or injuries suffered by each individual member of the Class may be relatively small. Even if the Class members could afford individualized litigation, the cost to the court system would be substantial and individual actions would also present the potential for inconsistent or contradictory judgments. By contrast, a class action presents fewer management difficulties and provides the benefits of single adjudication and comprehensive supervision by a single court.

## COUNT I – DECLARATORY RELIEF

32. Plaintiffs incorporate the preceding paragraphs by reference, as if fully set forth herein.

33. Society Insurance has wrongfully and without justification refused to reimburse Plaintiffs for losses stemming from the disruption to their business caused by COVID-19 and government closure orders.

34. An actual case or controversy exists as to whether Society Insurance is required to reimburse Plaintiffs for these covered losses and has stated its position that it is not required to reimburse these losses.

35. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaration that:

 a) Plaintiff's losses involving the interruption to their business caused by COVID-19 and government closure orders are covered losses pursuant to the Policy.

 b) Society Insurance is obligated to pay Plaintiffs for the full amount of the losses incurred and continuing to be incurred as a result of COVID-19 and government closure orders.

## **COUNT II – BREACH OF CONTRACT**

36. Plaintiffs incorporate the preceding paragraphs by reference, as if fully set forth herein.

37. The Policy is a contract between each Plaintiff and Society Insurance.

38. Under the Policy, each Plaintiff agreed to (and did) pay substantial premiums to Society Insurance in exchange for a policy of insurance covering a variety of potential losses, including business losses incurred as a result of a government closure order. Plaintiffs each performed all of their obligations under the contracts.

39. Society Insurance has repudiated its obligations pursuant to the policy by stating its intention not to pay such claims, advising independent insurance agents they work with to advise their clients that such claims will not be paid, and by denying those claims that are made.

40. As a result of Society Insurance's breach and repudiation of the Policy, Plaintiffs have been damaged in an amount to be established at trial.

## COUNT III: BAD FAITH DENIAL OF INSURANCE
### (under Illinois, Iowa, Wisconsin, and Indiana law)

41. Plaintiffs incorporate the preceding paragraphs by reference, as if fully set forth herein.

42. Society Insurance's conduct in refusing to honor claims for business interruptions related to the COVID-19 crisis and resulting shutdown orders has been vexatious and unreasonable.

43. Society Insurance has directed its independent insurance agents to inform policyholders that there would be no coverage pursuant to the policies in order to deter filing claims.

44. Policyholders that do succeed in filing claims receive only bare, summary denials without sufficient explanation of the basis for the denial.

45. Society Insurance has refused to pay claims without reasonably investigating them.

46. In addition to the amounts owed under the policies, Plaintiffs request that the Court award attorneys' fees, costs, and expenses, and punitive damages to the maximum extent allowed by applicable law.

## JURY DEMAND

47. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant as follows:

a. Certifying the Class, appointing Plaintiffs as Class representatives, and appointing undersigned counsel as Class Counsel;

b. Entering judgment in favor of Plaintiffs and against Society Insurance;

c. Entering declaratory judgment in favor of Plaintiffs and members of the Class, as requested herein;

d. Ordering Society Insurance to pay statutory, actual, and (as applicable) punitive damages for its failure to honor the Policies;

e. Ordering Society Insurance to pay pre- and post-judgment interest;

f. Ordering Society insurance to pay attorneys' fees and costs;

g. Ordering such other relief as may be deemed just and proper.

Dated: April 30, 2020

Respectfully submitted,

*/s/ Ben Barnow*
Ben Barnow
Erich P. Schork
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph, Ste. 1630
Chicago, IL 60606
(312) 621-200
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
aparkhill@barnowlaw.com

Timothy G. Blood
**BLOOD HURST & O'REARDON, LLP**
501 West Broadway, Suite 1490
San Diego, CA 92101
(619) 338-1100
(619) 338-1101 (fax)
tblood@bholaw.com

*Counsel for Plaintiffs and the Class*